United States District Court
for the
Southern District of Florida

| Charlene Rosa, Plaintiff | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 18-62422-Civ-Scola |
| | ) | |
| Michael J. Satz and others, Defendants. | ) | |

## Order

This matter comes before the Court upon Plaintiff Charlene Rosa's "Motion to Vacate Correct and Object to Order" (ECF No. 24). Rosa appears to be asking that the Court vacate its order dismissing her case (ECF No. 22) and Magistrate Judge White's December 20, 2018 order denying her motion to vacate the order establishing a filing-fee debt (ECF No. 21). Rosa asks that this Court allow her case to proceed or to hold her case in abeyance until her habeas appeal before the Eleventh Circuit is resolved. Upon review of the record, Rosa's motion, and the relevant legal authorities, the Court **denies** Rosa's motion (**ECF No. 22**).

### I.  Factual Background

Rosa, proceeding pro se, filed suit on October 9, 2018 alleging constitutional claims against several defendants based on her state conviction for first-degree murder. (Compl., ECF No. 1.) On October 15, 2018, Magistrate Judge White struck Rosa's complaint, which he construed as a complaint brought pursuant to 42 U.S.C. § 1983, and granted her leave to amend on or before November 5, 2018. (Order, ECF No. 6). Magistrate Judge White struck the complaint because it appeared to seek habeas relief, was a shotgun pleading, and included claims against individuals that could be immune from suit. (*Id.*) Thereafter, on October 29, 2018, Judge White granted Rosa an extension to file an amended complaint on or before November 19, 2018. (Order, ECF No. 11.)

On November 9, 2018, Judge White granted Rosa's motion to proceed in forma pauperis. (Order, ECF No. 14.) Although Rosa did not have to prepay her filing fees, a debt of $350.00 was established. (*Id.*)

On November 19, 2018, Rosa filed a motion to dismiss her case without prejudice. (Mot., ECF No. 17). Rosa advised that she wanted her entire case dismissed without prejudice because she became aware that she could not pursue her claims under the law. (*Id.*) On November 20, 2018, Magistrate

Judge White issued a Report and Recommendation (ECF No. 18) recommending that this Court grant Rosa's motion. Magistrate Judge White informed Rosa that she could object to the Report within 14 days of receiving the Report and that if she wished to move forward rather than dismiss her case, she should say so in her objections. (*Id.* at 2.) Having received no objections from Rosa for over 30 days, this Court adopted Judge White's Report and dismissed this case without prejudice on December 21, 2018. (Order, ECF No. 22.)

Rosa's present motion was received by the Court on January 8, 2019. (Mot., ECF No. 24.) Although it is unclear from Rosa's motion, it appears that Rosa claims that on January 2, 2019, after this Court entered its order dismissing the case, she filed an objection to Magistrate Judge White's December 20, 2018 order. This objection does not appear on the docket.

## II. December 21, 2018 Order of Dismissal

Rosa asks that this Court vacate its order dismissing her suit without prejudice and allow her case to proceed. Although Rosa fails to cite to a federal rule allowing the Court to vacate a prior order, the Court finds that under either Federal Rule of Civil Procedure 59(e) or 60(b), Rosa's motion to have this Court vacate its order of dismissal should be denied.

Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation marks and citations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (internal citations and alterations omitted).

Rule 60(b) provides:

> [A] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief under Rule 60(b) "is afforded only upon a showing of exceptional circumstances." *Securities and Exchange Comm'n v. Lauer*, No. 03-80612, 2015 WL 11004892, at *3 (S.D. Fla. Nov. 24, 2015) (Marra, J.).

Rosa does not present a sufficient basis for this Court to reconsider its dismissal of her case. Rosa states that she has the right to bring a civil suit against State Attorney Michael J. Statz and others, and that she was confused by Judge White's suggestion that a lawsuit could not be brought against prosecutors and judges. Judge White stated in his order striking Rosa's complaint and granting her leave to amend that judges, prosecutors, and witnesses are immune from suit in particular circumstances. (Order, ECF No. 6 at 6–7).

The Court first clarifies that Rosa is not precluded from bringing a proper lawsuit in the future because this Court dismissed Rosa's case *without* prejudice. However, Magistrate Judge White correctly informed Rosa that prosecutors and judges can be immune from suit. Prosecutors are immune from suit for damages under § 1983 for actions "intimately associated with the judicial phase of the criminal process." *Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (citing to *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). *But see Fullman v. Graddick*, 739 F.2d 553, 558 (11th Cir. 1984) (recognizing that in cases where a prosecutor acts as an administrator or investigative officer rather than an advocate, a qualified good-faith immunity applies rather than absolute immunity). Judges are absolutely immune from suit for their judicial or adjudicatory acts, but not for their administrative, legislative, or executive acts. *See Forrester v. White*, 484 U.S. 219, 225–27

(1988). The Court will not make a determination as to the immunity of the individuals Rosa seeks to sue at this time.

The Court cautions Rosa that a § 1983 action may be "barred if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Baker*, 391 F. App'x at 821. As the United States Supreme Court has explained:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

It does not appear from a review of the record that Rosa's conviction or sentence has been reversed or expunged. In fact, United States District Court Judge Beth Bloom denied Rosa's petition for writ of habeas corpus, *see* Case No. 16-cv-62332-BB, and the Eleventh Circuit recently denied Rosa's motion for a certificate of appealability in order to appeal the dismissal of her habeas petition and denial of her motion to alter or amend that judgment, *see* Case No. 18-12339-C.

Moreover, Rosa had ample opportunity to file an amended complaint or to tell this Court that she wanted to proceed with her suit notwithstanding the filing of her motion to dismiss. Rosa did not do so until after this Court dismissed her case pursuant to *her* motion.

Accordingly, the Court will not vacate its prior order. To the extent Rosa asks that this Court to vacate its order dismissing her case without prejudice, the Court **denies** Rosa's motion.

### III. Magistrate Judge White's December 20, 2018 Order

Rosa asks the Court to vacate Magistrate Judge White's December 20, 2018 order. In that order, Magistrate Judge White denied Rosa's current motion to dismiss his prior order granting *in forma pauperis* status and establishing a debt of $350.00. (Order, ECF No. 21.) The Court construes

Rosa's motion as an objection to Magistrate Judge White's order pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Magistrate Judge Rule 4(a). All of these provisions require that a district court apply a "clearly erroneous or contrary to law" standard when considering objections to non-dispositive rulings by a magistrate judge.

Rosa does not explain why Judge White's order is clearly erroneous and contrary to law, and upon review of the record and Magistrate Judge White's order, the Court finds no reason to vacate or alter Magistrate Judge White's ruling. Rosa became responsible for paying the $350.00 filing fee when she initiated this lawsuit notwithstanding her motion to dismiss it. *See, e.g., McClennan v. Baker*, No.4:15cv410–RH/CAS, 2015 WL 13387687, at *1 (N.D. Fla. Nov. 12, 2015) ("Plaintiff's notice of dismissal ends this litigation but does not relief Plaintiff of the obligation to pay the filing fee which was assessed for this case."); *Ross v. Pasternak*, No. 8:05CV515T30MAP, 2005 WL 1669116, at *4 (M.D. Fla. July 13, 2005) ("Under the [Prisoner Litigation Reform Act], prisoners are responsible for paying their filing fees the moment the civil action or appeal is filed.") Accordingly, the Court **denies** Rosa's motion to the extent she asks this Court to vacate Magistrate Judge White's December 20, 2018 order.

### IV. Conclusion

For the reasons stated, the Court **denies** Rosa's motion (**ECF No. 24**). This case remains **closed**.

**Done and ordered** at Miami, Florida on January 11, 2019.

_____
Robert N. Scola, Jr.
United States District Judge